RECEIVED
IN ALEXANDRIA, LA.

OCT - 4 2013

ONY R. MOORE, CLERK
     DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

---

| | |
|---|---|
| SKYLUR JOHNSON | CIVIL ACTION NO. 12-2176 |
| VERSUS | JUDGE TRIMBLE |
| BROOKSHIRE BROTHERS, INC. | MAGISTRATE JUDGE KIRK |

---

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by defendant Brookshire Brothers, Inc. ("Brookshire") in the above-captioned case.[1] The motion is unopposed by plaintiff.[2] For the reasons expressed below, the court finds that Brookshire's motion for summary judgment should be granted and, accordingly, that all claims by plaintiff against defendant should be denied and dismissed with prejudice.

I.  Relevant Facts

Plaintiff Skylur Johnson was shopping at a Brookshire Brothers grocery store located on East First Street in DeRidder, Louisiana on June 5, 2012 at approximately 9:00 p.m. when she slipped and fell on a wet substance located on the floor in one of the store's aisles.[3] Plaintiff alleges that she sustained a medial meniscus tear to her right knee, as well as injury to her right shoulder and arm, during the fall, for which her treating physician recommends knee surgery.[4]

---

[1] R. 11.
[2] Notice of Motion Setting without oral argument [R. 13] specifying briefing delays.
[3] R. 1-2 at ¶¶ III, IV.
[4] Id. at ¶ V.

Plaintiff alleges that the spill was not readily apparent to her at the time of her fall and that no safety cones or signs alerting her to the presence of the wet spill were displayed.[5] Plaintiff asserts that Brookshire either created or had constructive notice of the spill, which constituted an unreasonable risk of harm.[6] Plaintiff seeks recovery of past, present and future medical expenses, physical pain and suffering, mental anguish, worry and inconvenience, loss of enjoyment of life, as well as attorney and expert witness fees.[7]

Plaintiff's suit was originally filed in the Thirty-Sixth Judicial District Court for the Parish of Beauregard, State of Louisiana and was timely removed to this court by Brookshire.[8] Brookshire denies liability in this matter and now brings the instant summary judgment motion seeking entry of judgment in its favor.[9]

II.    Summary Judgment Standard

Fed. R. Civ. P. 56(a) provides that summary judgment shall be granted when the movant shows the absence of any genuine dispute as to any material fact and, for that reason, shows that he is entitled to judgment as a matter of law. The movant must demonstrate the absence of any genuine dispute as to any material fact by citing to particular parts of materials in the record, including depositions, documents and affidavits.[10] The movant may demonstrate entitlement to judgment as a matter of law by pointing out the nonmoving party's inability to produce evidence which, when taken as true for the purposes of the motion, would provide a

---

[5] Id. at ¶ VI.
[6] Id. at ¶ IX.
[7] Id. at ¶ XII.
[8] R. 1.
[9] R. 4, 11.
[10] Fed. R. Civ. P. 56(c)(1)(A).

2

legally sufficient basis upon which a reasonable jury might base a judgment in the nonmoving party's favor.[11]

Once a motion for summary judgment is made and properly supported, the burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claims.[12] In so doing, the nomoving party establishes the existence of a genuine issue of material fact for trial. The nonmoving party must show that the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor.[13] A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof.[14]

If the nonmoving party meets his burden of proof, summary judgment is inappropriate and the claims must be preserved for further proceedings. If, on the other hand, the nonmoving party does not meet his burden, the court must grant summary judgment in recognition of the implausibility of the claims at issue.[15]

All evidence submitted to the court in support of or in opposition to a motion for summary judgment must be of the sort which would be admissible at the trial of the matter.[16] "Metaphysical doubt" as to the existence of a genuine issue for trial is insufficient, as are

---

[11] Celotex Corp v. Catrett, 477 U.S. 317, 2553 – 54 (1986); Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir. 1995); Shotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992), cert. denied 506 U.S. 832 (1992).
[12] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994).
[13] Celotex, 477 U.S. at 325.
[14] Id.
[15] Id. at 322.
[16] Fed. R. Civ. P. 56(c)(2); Salas v. Carptener, 980 F.2d 299, 305 (5th Cir. 1992) quoting Broadway v. City of Montgomery, 530 F.2d 657, 661 (5th Cir. 1976).

"unsubstantiated assertions" and "conclusory allegations[.]"[17] The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[18]

### III.   Analysis

Brookshire's motion asserts that plaintiff's merchant liability claim under La. R.S. 9:2800.6 fails as a matter of law because plaintiff is unable to demonstrate the necessary elements of liability under that statute.  As cited in the motion, La. R.S. 9:2800.6 provides, in part, that

> A.   A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition.  This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B.   In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all the following:
>
> (1)   The condition presented an unreasonable risk of harm to the claimant and that the risk of harm was reasonably foreseeable.
>
> (2)   The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3)   The merchant failed to exercise reasonable care.  In determining reasonable care, the absence of a written or verbal

---

[17] Little, 37 F.3d at 1075, citing Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), Lujan v. National Wildlife Federation, 497 U.S. 871, 871-73 (1986); Hopper v. Frank, 16 F.3d 92 (5th Cir. 1994).
[18] Lujan, 497 U.S. at 888.

uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Brookshire submits video surveillance footage of the accident at issue in this case and asserts that, based on the uncontroverted evidence shown on that footage, plaintiff's claim is foreclosed. The court has carefully reviewed the video evidence.[19] The video shows a patron loading jars from the shelf into his cart and dropping one jar on the floor. The patron then disposes of the broken jar, leaving the wet spill on the floor of the aisle. Several minutes later, plaintiff approaches the area pushing a shopping cart in which a small child is seated. Plaintiff slips and falls, presumably on the wet substance left by the prior patron.

Plaintiff's complaint asserts liability via creation of or constructive notice of the hazard. The video footage clearly shows that the spill was caused by a store patron and not Brookshire. In order to prove constructive notice under Louisiana law, plaintiff must show that the spill remained on the floor for such a period of time that Brookshire would have discovered it through the exercise of ordinary care.[20] There is no "bright line time period" beyond which a condition must exist in order for constructive knowledge to be proven and the facts of each case govern what period of time is sufficiently lengthy so that the merchant should have discovered it in the exercise of ordinary care.[21]

As asserted by Brookshire, the spill occurred at approximately 8:48 p.m. and the wet substance remained on the floor until plaintiff's fall at 8:53 p.m. Thus, the question before the court is whether or not plaintiff could prove constructive knowledge of the spill based on these facts. Brookshire cites the 1997 ruling of the Louisiana Third Circuit Court of Appeal in

---

[19] R. 11-4, 12 (video footage on DVD attached as manual attachment).
[20] White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1083-84 (La. 1997).
[21] Id. at 1084.

Delahoussaye v. Delchamps, Inc., in which the appellate court affirmed the trial court's finding that Delchamp's did not have constructive notice of the presence of a banana peel in an aisle for approximately five (5) minutes prior to the accident in question as authority for similar dismissal of plaintiff's claims in the instant suit. Brookshire points out that in that case, as in the instant case, store personnel had been in the area a short time before the hazardous condition arose, and, thus, the exercise of reasonable care was shown.

The court's review of the video footage affirms Brookshire's assertions. Although it appears that several employees were working in the area near the site of the spill several minutes before the 8:48 p.m. spill, no employees were present in the time of the spill or in the five minutes between the spill and plaintiff's fall. Moreover, plaintiff offers no argument or evidence in support of her burden to demonstrate constructive notice in this case.

When a plaintiff's claims are challenged by summary judgment proceeding, it is generally an insufficient defense to rest on the allegations of one's complaint.[22] Plaintiff's burden is to allege specific facts which, if proven at trial, would enable a reasonable jury to render judgment in plaintiff's favor. In this case, plaintiff's burden is enumerated in La. R.S. 9:2800.6, which requires plaintiff to establish: (1) the existence of a hazardous condition presenting an unreasonable risk of harm; (2) the creation of the hazard or actual or constructive notice thereof; and (3) failure to exercise reasonable care.[23]

---

[22] Anderson, 477 U.S. at 249; First National Bank of Arizona v. Cities Service Co., 391 U.S. 253 (1968); King v. Chide, 974 F.2d 653, 656 (5th Cir. 1992) citing Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991).
[23] White, 699 So.2d at 1084; Gregory v. Brookshire Grocery Co., 35 So.2d 458 (La. App. 2 Cir. 2010).

IV. Conclusion

    Plaintiff has not borne her burden of proof as to the second or third elements of her merchant liability claim. For this reason, the court finds that Brookshire is entitled to summary judgment in its favor dismissing such claim, as well as all damages claims arising therefrom, against it in the above-captioned case. The court will render a judgment in conformity with these findings.

Alexandria, La., October 4, 2013 -

                                                      _____
                                                      JAMES T. TRIMBLE, JR.
                                                      UNITED STATES DISTRICT JUDGE